PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SHELLY ROBINSON, individually and on behalf of all others similarly situated,

                    Plaintiff,

          v.

THE J.M. SMUCKER COMPANY, an Ohio corporation; and DOES 1 through 10, inclusive,

                    Defendants.

Case No.  4:18-cv-04654-HSG

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMAND**

Plaintiff Shelly Robinson ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## INTRODUCTION

1. Defendant The J.M. Smucker Company ("Defendant") manufactures, markets, and sells olive oil labeled as "Crisco 100% Extra Virgin Olive Oil No-Stick Spray" ("Crisco EVOO").

2. In reality, extensive clinical testing conducted by a leading laboratory – measuring the key variables of (1) Insoluble Impurities; (2) Free Fatty Acid, (3) Peroxide Value (Acetic Acid-Isooctane Method), (4) Specific Extinction, Ultraviolet Absorption, (5) Sensory analysis, (6) Copper (ICP-AES), and (7) Moisture & Volatile Content – conclusively establishes that Crisco EVOO is not Extra Virgin Olive Oil.

3. Defendant's misrepresentations regarding Crisco EVOO are designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that Crisco EVOO in fact is Extra Virgin Olive Oil. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for Crisco EVOO but for Defendant's misrepresentations.

4. Plaintiff brings this class action lawsuit to enjoin the ongoing deception of consumers by Defendant, and to recover the money taken by this unlawful practice.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

6. The Court has jurisdiction over the state law claim because it forms part of the same case or controversy under Article III of the United States Constitution.

7. The Court has personal jurisdiction over Defendant because its Crisco EVOO product is advertised, marketed, distributed and sold throughout the State of

California; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.  Moreover, Defendant is engaged in substantial activity within the State of California.

8.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Crisco EVOO product at issue in this action in this judicial district, and it conducts business within this judicial district.

## PARTIES

9.     Plaintiff Shelly Robinson is a citizen of the State of California and resides in Brentwood, California.  Plaintiff purchased the Crisco EVOO product for personal consumption during the last four years at Wal Mart in Antioch, California, and other locations within the Northern District of California.

10.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant The J.M. Smucker Company is an Ohio corporation with its principal place of business located in Orrville, Ohio.  Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Northern District of California.

11.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this

FIRST AMENDED CLASS ACTION COMPLAINT

1   Complaint to reflect the true names and capacities of the DOE Defendants when such
2   identities become known.

3          12.    At all relevant times, each and every Defendant was acting as an agent
4   and/or employee of each of the other Defendants and was acting within the course
5   and/or scope of said agency and/or employment with the full knowledge and consent of
6   each of the Defendants.  Each of the acts and/or omissions complained of herein were
7   alleged and made known to, and ratified by, each of the other Defendants (The J.M.
8   Smucker Company and DOE Defendants will hereafter collectively be referred to as
9   "Defendant").

10                        **FACTUAL ALLEGATIONS**

11          13.    Defendant manufactures, markets, and sells Crisco EVOO as Extra Virgin
12   Olive Oil.

13          14.    Plaintiff purchased and consumed the Crisco EVOO product multiple
14   times during 2017 and 2018 in reliance on Defendant's advertising and labeling of the
15   "Crisco EVOO" product as Extra Virgin Olive Oil.

16          15.    As noted above, extensive clinical testing conducted by a leading
17   laboratory – measuring the key variables of (1) Insoluble Impurities; (2) Free Fatty
18   Acid, (3) Peroxide Value (Acetic Acid-Isooctane Method), (4) Specific Extinction,
19   Ultraviolet Absorption, (5) Sensory analysis, (6) Copper (ICP-AES), and (7) Moisture
20   & Volatile Content – conclusively establishes that Crisco EVOO is not Extra Virgin
21   Olive Oil.  Accordingly, Defendant's statements that the "Crisco EVOO" product is
22   Extra Virgin Olive Oil are false and misleading.

23          16.    As further noted above, Defendant's misrepresentations regarding Crisco
24   EVOO are designed to, and did, lead Plaintiff and others similarly situated (collectively
25   the "Class") to believe that Crisco EVOO in fact is Extra Virgin Olive Oil.  Plaintiff
26   and members of the Class relied on Defendant's misrepresentations and would not have
27   paid as much, if at all, for Crisco EVOO but for Defendant's misrepresentations.

28

FIRST AMENDED CLASS ACTION COMPLAINT

17.     Plaintiff purchased the Crisco EVOO product based on the preceding false advertising claims.  As a result, Defendant has wrongfully taken hundreds of thousands of dollars from consumers.

18.     Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of consumers by Defendant, and to recover the funds taken by this unlawful practice.  Plaintiff and the Class Members will be unable to rely on the Crisco EVOO product's advertising as long as Defendant's packaging continues to claim that the product is Extra Virgin Olive Oil.  Plaintiff and Class Members will not purchase the Crisco EVOO product in the future, although they would like to do so, unless and until Defendant takes corrective action.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class (collectively, the "Class" or "Classes"), defined as:

> **All California residents who made retail purchases of Defendant's Crisco EVOO product during the applicable limitations period up to and including final judgment in this action.**

20.     The proposed Class excludes current and former officers and directors of Defendant, Members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

21.     Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

22.     The Crisco EVOO products sold by Defendant suffer from illegal product labeling and advertising.

23.     <u>Numerosity</u>: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal

Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. Based on sales of the Crisco EVOO products it is estimated that the Class is composed of more than 10,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

24.     Typicality: Plaintiff's claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

25.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that she has no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

26.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

27.     Common Questions Predominate: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting

FIRST AMENDED CLASS ACTION COMPLAINT

individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

       i.      Whether Defendant's claim that the Crisco EVOO product is Extra Virgin Olive Oil is accurate;

       ii.      Whether Defendant's product claims are properly substantiated;

       iii.      Whether Defendant has falsely represented that the Crisco EVOO product has characteristics and benefits which it does not have;

       iv.      Whether Defendant knew that its product claims were false;

       v.      Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

       vi.      Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

       vii.      Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

       viii.      Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

       ix.      Whether Plaintiff and Class members are entitled to restitutionary relief;

       xi.      Whether Plaintiff and Class members are entitled to punitive damages; and

       xi.      Whether Plaintiff and Class members are entitled to injunctive relief.

28.    The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude her maintenance of this matter as a Class action.

/ / /

29.     The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

30.     The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

31.     The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class, although certain Class Members are not parties to such actions.

32.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## FIRST  CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT,
## (CAL. CIV. CODE § 1750, *ET SEQ.*)
### (By Plaintiff and on Behalf of the Class Against Defendant)

33.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

34.     Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

35.     Plaintiff and the Class Members are consumers who purchased the Crisco EVOO product for personal, family or household purposes. Plaintiff and the Class

FIRST AMENDED CLASS ACTION COMPLAINT

Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

36.    The Crisco EVOO products that Plaintiff and other Class Members purchased from Defendant are amongst the  "goods" within the meaning of Cal. Civ. Code § 1761(a).

37.    Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

38.    Defendant violated California law because the Crisco EVOO products are marketed as Extra Virgin Olive Oil when they in fact are not Extra Virgin Olive Oil.

39.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "Misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes illegal and unlawful competition.

40.    Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes illegal and unfair methods of competition.

41.    Plaintiff and the Class relied upon the representation that the Crisco EVOO product was Extra Virgin Olive Oil in making their purchases of the Crisco EVOO roduct.  In addition, given the materiality of Defendant's misrepresentations, absent Class Members are entitled to a presumption of reliance.

42.    Plaintiff and the Class lost money as a result of Defendant's actions because: (a) they would not have purchased the Crisco EVOO product on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were

known concerning Defendant's representations; (b) they paid a higher price for Defendant's Crisco EVOO product due to Defendant's misrepresentations; and (c) Defendant's Crisco EVOO product did not have the qualities represented.

43.     On or about June 20, 2018, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code 1782(a). Plaintiff sent The J.M. Smucker Company, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of the letter is attached hereto as Exhibit 1.

44.     Wherefore, Plaintiff seeks injunctive relief, restitution, money damages and punitive damages for these violations of the CLRA.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

### (By Plaintiff and on Behalf of the Class Against Defendant)

45.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

46.     Plaintiff brings this claim individually and on behalf of the Members of the Class for Defendant's violations of California's False Advertising Competition Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (the "FAL").

47.     Under the FAL, the State of California makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

48.     Defendant engaged in a scheme of offering the Crisco EVOO product misbranded for sale to Plaintiff and the Class Members by way of labeling the Crisco EVOO product as Extra Virgin Olive Oil when in fact it is not.   Such practice misrepresented the quality of the misbranded Crisco EVOO product. Defendant's advertisements were made in California and come within the definition of advertising as contained in Bus. & Prof Code §§ 17500, *et seq.* in that the product labeling was intended as inducements to purchase Defendant's Crisco EVOO product.   Defendant knew its conduct was unauthorized, inaccurate, and misleading.

49.     Defendant violated California law because the Crisco EVOO product is labeled to be misleading and which labeling is intentionally intended to prevent the consumer from knowing the true quality of the Crisco EVOO product.

50.     Defendant violated Section 17500, *et seq*. by misleading Plaintiff and the Class to believe that the Crisco EVOO product is Extra Virgin Olive Oil when in fact it is not.

51.     Defendant knew or should have known, through the exercise of reasonable care that the Crisco EVOO product was and continues to be misbranded, and that its representations about the quality and nature of the Product were untrue and misleading.

52.     Plaintiff and the Class Members lost money as a result of Defendant's FAL violations because: (a) they would not have purchased the Crisco EVOO product on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a higher price for the Crisco EVOO product due to Defendant's misrepresentations; and (c) the Crisco EVOO product did not have the benefits, or qualities as promised, and as a result the Class is entitled to monetary and injunctive relief.

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

# THIRD CLAIM FOR RELIEF

## UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES
### (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

53.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

54.     Plaintiff brings this claim individually and on behalf of the Members of the Class for Defendant's violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL").

55.     The UCL provides, in pertinent part: "[U]nfair competition shall mean and include unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."

56.     Defendant violated California law because the Crisco EVOO product is packaged in containers that label it as Extra Virgin Olive Oil, when in fact it is not. Defendant intentionally uses such labeling in order to mislead consumers concerning the content and quality of the Crisco EVOO product.

### "Unlawful" Prong

57.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the California Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*, and the California False Advertising Law, California Business & Professions Code § 17500 *et seq.*, as detailed above. Specifically, Defendant has acted unlawfully by advertising, labeling and selling the Crisco EVOO product as Extra Virgin Olive Oil, when it is not.

### "Unfair" Prong

58.     Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of

FIRST AMENDED CLASS ACTION COMPLAINT

1    the conduct outweighs any alleged benefits.  Defendant's advertising is of no benefit to

2    consumers.

3                                    **"Fraudulent" Prong**

4        59.    Defendant violated the "fraudulent" prong of the UCL, by misleading

5    Plaintiff and the Class to believe that the Crisco EVOO product was Extra Virgin Olive

6    Oil when it was not, and misleading Plaintiff and the Class to believe that such

7    packaging and labeling practices were lawful, accurate, true, and not intended to

8    deceive or mislead consumers.

9        60.    Plaintiff and the Class Members are not sophisticated experts about the

10   corporate branding, labeling, and packaging practices of the Product.  Plaintiff and the

11   Class acted reasonably when they purchased the Product based on their belief that

12   Defendant's representations were true and lawful.

13       61.    Plaintiff and the Class lost money as a result of Defendant's UCL

14   violations because: (a) they would not have purchased the Crisco EVOO product on the

15   same terms absent Defendant's illegal conduct as set forth herein, or if the true facts

16   were known concerning Defendant's representations; (b) they paid a higher price for

17   the Crisco EVOO product due to Defendant's misrepresentations; and (c) Defendant's

18   Crisco EVOO product did not have the qualities as represented.

19       62.    The conduct of Defendant as set forth above demonstrates the necessity for

20   granting injunctive relief restraining such and similar acts of unfair competition

21   pursuant to California Business and Professions Code.  Unless enjoined and restrained

22   by order of the court, Defendant will retain the ability to, and may engage in, said acts

23   of unfair competition, and misleading "advertising."  As a result, Plaintiff and the Class

24   are entitled to injunctive and monetary relief in the form of restitution under Cal. Bus.

25   & Prof. Code § 17203.

26       63.    Plaintiff has assumed the responsibility of enforcement of the laws and

27   public policies specified herein by suing on behalf of herself and other similarly-

28   situated Class Members.  Plaintiff's success in this action will enforce important rights

affecting the public interest.  Plaintiff will incur a financial burden in pursuing this action in the public interest.  An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

**FOURTH CLAIM FOR RELIEF**

**NEGLIGENT MISREPRESENTATION**

**(By Plaintiff and on Behalf of the Class Against Defendant)**

64.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

65.     During the Class Period, Defendant misrepresented to consumers through the advertising, marketing, and sale of the Crisco EVOO product that the Crisco EVOO product was Extra Virgin Olive Oil.

66.     Defendant's misrepresentations were false because the Crisco EVOO product is not Extra Virgin Olive Oil.

67.     Defendant's misrepresentations were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume the Crisco EVOO product.

68.     Defendant's material misrepresentations regarding the characteristics of the Crisco EVOO product are false and made without reasonable grounds for believing them to be true.

69.     Defendant made material misrepresentations regarding the Crisco EVOO product with the intent to induce Plaintiff and Class members to purchase and the Crisco EVOO product.

70.     Plaintiff and Class members reasonably relied on Defendant's material misrepresentations in choosing to purchase and consume the Crisco EVOO product.

71.     As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have incurred damages in an amount to be proven at trial.  Plaintiff and Class members are not seeking damages arising out of personal injuries.

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

(A) For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

(B) For an Order declaring that Defendant's conduct violated the CLRA, Cal. Civ. Code § 1750, *et seq.*, and awarding (i) injunctive relief, (ii) actual damages, (iii) punitive damages, (iv) costs of suit, and (iii) reasonable attorneys' fees;

(C) For an Order declaring that Defendant's conduct violated the UCL, Cal. Bus. & Prof. Code § 17200 *et seq.*, and FAL, Cal. Bus. & Prof. Code § 17500 *et seq.*, and awarding (i) injunctive relief, (ii) restitution, (iii) prejudgment and post judgment interest; (iv) exemplary and/or punitive damages pursuant to Cal. Civ. Code § 3294, (v) costs of suit, and (iv) reasonable attorneys' fees pursuant to, *inter alia*, Cal. Code Civ. Proc § 1021.5;

(D) For injunctive relief as pleaded or as the Court may deem proper;

(E) For an order of restitution and all other forms of equitable monetary relief, as pleaded;

(F) For compensatory damages in amounts to be determined by the Court and/or jury;

(G) For punitive damages;

(H) For prejudgment interest on all amounts awarded;

(I) For an Order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit as pleaded pursuant to, *inter alia*, Cal. Civ. Code § 1780(e) and Cal. Civ. Proc. Code § 1021.5; and

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

1       (J) For such other and further relief as the Court deems just and proper.

2

3    Date: October 24, 2018      Respectfully submitted,

4                  PACIFIC TRIAL ATTORNEYS
                   A Professional Corporation

5

6

7                  By: _/s/Scott J. Ferrell_____
                    Scott J. Ferrell

8                   Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Date: October 24, 2018                    Respectfully submitted,

PACIFIC TRIAL ATTORNEYS
A Professional Corporation


By: _/s/Scott J. Ferrell_____
          Scott J. Ferrell
          Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2018, I electronically filed the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                        */s/Scott J. Ferrell*
                        Scott J. Ferrell