1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 SHELLY ROBINSON,

           Case No. 18-cv-04654-HSG

8         Plaintiff,

           **ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS**

9      v.

10 J.M. SMUCKER COMPANY,

           Re: Dkt. No. 26

11         Defendant.

12

13       Plaintiff Shelly Robinson brought this putative class action complaint against Defendant

14 The J.M. Smucker Company, alleging that its Crisco 100% Extra Virgin Olive Oil No-Stick Spray

15 does not, despite its name, contain 100% extra virgin olive oil. *See* First Amended Complaint

16 ("FAC"), Dkt. No. 22. Defendant moved to dismiss. *See* Motion to Dismiss, Dkt. No. 26

17 ("Mot."). For the following reasons, the Court **GRANTS** in part and **DENIES** in part the motion

18 to dismiss.[1]

19 **I. BACKGROUND**

20     **A. Factual Allegations**

21       The following facts are taken from the first amended complaint ("FAC") and are presumed

22 true at the motion to dismiss stage. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

23 1025, 1031 (9th Cir. 2008).

24       The J.M. Smucker Company manufactures, markets, and sells olive oil labeled as Crisco

25 100% Extra Virgin Olive Oil No-Stick Spray ("Crisco EVOO"). FAC ¶ 1. Plaintiff Shelly

26 Robinson lives in Brentwood, California. FAC ¶ 9. She purchased Crisco EVOO "for personal

27

28 [1] The Court finds this matter appropriate for disposition without oral argument and the matter is
deemed submitted. *See* Civil L.R. 7-1(b).

1  consumption" at a Wal-Mart in Antioch, California, and other places during the past four years.

2  *Id.* In 2017 and 2018, Plaintiff purchased Crisco EVOO "in reliance on Defendant's advertising

3  and labeling" of the product as extra virgin olive oil.  FAC ¶ 14.

4  But "Crisco EVOO is not Extra Virgin Olive Oil," meaning that Defendant's advertising is

5  false and misleading.  FAC ¶¶ 2, 15.  Rather, "extensive clinical testing conducted by a leading

6  laboratory . . . conclusively establishes that Crisco EVOO is not Extra Virgin Olive Oil."  FAC ¶

7  15.  This clinical testing "measur[ed] the key variables of (1) Insoluble Impurities[,] (2) Free Fatty

8  Acid, (3) Peroxide Value (Acetic Acid-Isooctane Method), (4) Specific Extinction, Ultraviolet

9  Absorption, (5) Sensory analysis, (6) Copper (ICP-AES), and (7) Moisture & Volatile Content."

10  *Id.*

11  Plaintiff (and members of the putative class) "would not have paid as much, if at all, for

12  Crisco EVOO but for Defendant's misrepresentations."  FAC ¶ 16.  Plaintiff (and members of the

13  putative class) are unable to rely on the product's advertising so long as it continues to claim that

14  it is extra virgin olive oil.  FAC ¶ 18.  They "will not purchase the Crisco EVOO product in the

15  future, although they would like to do so, unless and until Defendant takes corrective action."  *Id.*

16  **B.    Procedural History**

17  Plaintiff filed her initial complaint on August 2, 2018.  *See* Dkt. No. 1.  After Defendant

18  moved to dismiss, *see* Dkt. No. 22, Plaintiff filed the FAC on October 24.  Defendant filed a

19  revised motion to dismiss on November 7.  *See* Mot.  Plaintiff opposed on November 21, *see*

20  Opposition ("Opp."), Dkt. No. 36, and Defendant replied on December 5, *see* Reply ("Reply"),

21  Dkt. No. 37.

22  **II.    LEGAL STANDARD**

23  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

24  statement of the claim showing that the pleader is entitled to relief[.]"  A defendant may move to

25  dismiss a complaint for failing to state a claim upon which relief can be granted under Federal

26  Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

27  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

28  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

Federal Rule of Civil Procedure 9(b) heightens these pleading requirements for all claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "[The Ninth Circuit] has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation marks and citation omitted).

In short, a fraud claim must state "the who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi v. Larkin*, 252 F.3d 423, 429 & n.6 (9th Cir. 2001). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not

1    possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

2    2000) (quotation marks and citation omitted).

3    **III.    DISCUSSION**

4          Plaintiff alleged four causes of action: (1) violation of the California Consumer Legal

5    Remedies Act ("CLRA"); (2) violation of the California False Advertising Law ("FAL"); (3)

6    violation of the California Unfair Competition Law ("UCL"); and (4) negligent misrepresentation.

7    *See* FAC ¶¶ 33–71.  The Court briefly summarizes these four causes of action before turning to the

8    motion to dismiss.

9          The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or

10   practices," including "[r]epresenting that goods . . . have . . . characteristics, ingredients, uses,

11   benefits, or quantities that they do not have" and "[a]dvertising goods . . . with intent not to sell

12   them as advertised." *See* Cal. Civ. Code § 1770.  The FAL prohibits "untrue or misleading"

13   advertising.  *See* Cal. Bus. & Prof. Code § 17500.  The UCL prohibits "unlawful, unfair or

14   fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising."

15   *See* Cal. Bus. & Prof. Code § 17200.  "[A]ny violation of the false advertising law . . . necessarily

16   violates the UCL."  *Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (Cal. 2002) (internal quotation omitted,

17   ellipsis in original).  In short, the "UCL, CLRA, and FAL . . . all prohibit unlawful, unfair, or

18   fraudulent business practices."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016).  Claims

19   under these three statutes are governed by the "reasonable consumer" standard, meaning that

20   plaintiffs must ultimately "show that members of the public are likely to be deceived." *Williams*

21   *v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotations omitted).  Negligent

22   misrepresentation requires a plaintiff to show "(1) the misrepresentation of a past or existing

23   material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce

24   another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and

25   (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d

26   199, 213 (Cal. Ct. App. 2007).

27         Defendant asserts ten grounds for dismissal of the amended complaint in whole or in part.

28   *See* Mot. at 1–2.  The Court will discuss each in turn.

4

## A. Plaintiff States a Plausible Cause of Action

Defendant contends that Plaintiff has failed to state a plausible cause of action because she relies upon "an unidentified laboratory test" and does not compare the test results to standards promulgated by the federal government. Mot. at 4. But these criticisms are immaterial at the motion to dismiss stage. Plaintiff has alleged that she was deceived when she purchased a product labeled "100% Extra Virgin Olive Oil" that did not contain entirely extra virgin olive oil. *See* FAC ¶¶ 2, 14–16. Construing the allegations in the light most favorable to Plaintiff, as the Court must do at the motion to dismiss stage, Plaintiff has stated a plausible claim for an unlawful, unfair, or deceptive business practice. Defendants' objections to the method and sample size of the laboratory testing and comparisons to federal standards are better suited for a later stage of the proceedings. *See Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1131 (N.D. Cal. 2013) (noting that "courts recognize that whether a practice is 'deceptive, fraudulent, or unfair' is generally a question of fact that is not appropriate for resolution on the pleadings").

## B. Plaintiff Meets the Heightened Pleading Requirements of Rule 9(b)

Defendant argues that Plaintiff's "fraud-based allegations" must be dismissed because she "has wholly failed to explain the circumstances of her purchases," which does not meet the heightened pleading requirements of Rule 9(b). Mot. at 8. Defendant contends that it "cannot prepare a defense" without "the test results, the standard used, or the lot tested." *Id.* at 9.

Though "fraud is not a necessary element of a claim under the CLRA [or] UCL," if a plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim," then the particularity requirements of Rule 9(b) apply. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

Plaintiff's allegations are cursory, but they state the who, what, when, where, and how in enough detail to satisfy the requirements of Rule 9(b). Plaintiff alleges that she purchased Crisco EVOO from a Wal-Mart in Antioch multiple times in 2017 and 2018 in reliance on the packaging's purportedly false claim that it was entirely extra virgin olive oil. *See* FAC ¶¶ 9, 14–16. These allegations are sufficient to withstand a motion to dismiss. *See, e.g.*, *Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10-4387 PJH, 2011 WL 2111796, at \*6 (N.D. Cal. May 26, 2011)

1   (denying motion to dismiss on Rule 9(b) grounds and noting that "the presence of factual disputes

2   does not render the claims inadequately pled for purposes of the present motion"). Plaintiff will,

3   of course, soon be required to disclose the test results upon which her allegations are based so that

4   Defendant can prepare its defense.

5   ### C.   Plaintiff Has Standing

6   Defendant contends that Plaintiff lacks standing because she has not suffered an injury-in-

7   fact, is unlikely to purchase the product in the future, and is bringing a lack of substantiation

8   claim. *See* Mot. at 10–15. After reviewing each of Defendant's arguments, the Court concludes

9   that Plaintiff has met the standing requirements.

10  ### i.   Injury-In-Fact

11  A plaintiff seeking relief in federal court bears the burden of establishing "the irreducible

12  constitutional minimum" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)

13  (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). First, the plaintiff must have

14  "suffered an injury in fact." *Spokeo*, 136 S. Ct. at 1547. This requires "an invasion of a legally

15  protected interest" that is concrete, particularized, and actual or imminent, rather than conjectural

16  or hypothetical. *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). Second, the plaintiff's

17  injury must be "fairly traceable to the challenged conduct of the defendant." *Spokeo*, 136 S. Ct. at

18  1547. Third, the injury must be "likely to be redressed by a favorable judicial decision." *Id.*

19  (citing *Lujan*, 504 U.S. at 560–61).

20  According to Defendant, Plaintiff has not suffered an injury-in-fact "because she has not

21  plausibly alleged that she purchased and consumed oil that was not extra virgin." Mot. at 10.

22  Defendant relies largely on Plaintiff's original complaint, in which she alleged that she purchased

23  the Crisco EVOO "for the dual purpose of consuming it and determining its authenticity." *See*

24  Mot. at 10 (quoting Compl., Dkt. No. 1 ¶ 14) (emphasis omitted).

25  As discussed above, Plaintiff has plausibly alleged that Crisco EVOO is not 100% extra

26  virgin olive oil, even if she has not disclosed the methodology or source of the lab results upon

27  which she relies. Under California law, a consumer who alleges that she would not have bought a

28  product but for a mislabeling has paid more than she valued the product—and thus the "increment,

1    the extra money paid, is economic injury and affords the consumer standing to sue." *Kwikset*

2    *Corp. v. Superior Court*, 246 P.3d 877, 890–91 (Cal. 2011). By alleging that she purchased the

3    Crisco EVOO for personal consumption and that she "would not have paid as much" for it "but for

4    Defendant's misrepresentations," *see* FAC ¶¶ 9, 16, Plaintiff has established standing under

5    California law.[2]

6    ### ii.    Standing for Injunctive Relief

7    Defendant contends that Plaintiff does not have standing to pursue injunctive relief

8    because it is unlikely that she will be wronged again in the future. Mot. at 12.

9    A "previously deceived consumer may have standing to seek an injunction against false

10   advertising or labeling, even though the consumer now knows or suspects that the advertising was

11   false at the time of the original purchase, because the consumer may suffer an 'actual and

12   imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark*

13   *Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (citation omitted). This threat of future harm may be

14   shown by "the consumer's plausible allegations that she will be unable to rely on the product's

15   advertising or labeling in the future, and so will not purchase the product although she would like

16   to." *Id.* at 970–71.

17   Plaintiff alleges that she "will not purchase the Crisco EVOO product in the future,

18   although [she] would like to do so, unless and until Defendant takes corrective action." *See* FAC ¶

19   18. These allegations are sufficient to establish standing for injunctive relief.

20   ### iii.    Lack of Substantiation Claim

21   Defendant argues that because Plaintiff's laboratory test should be discarded, Plaintiff's

22   case is barred because it "is nothing more than a lack of substantiation claim," for which there is

23   no private right of action. *See* Mot. at 13–15. Under California law, there is no private right of

24   action for claims that advertising lacks scientific substantiation. *See Kwan v. SanMedica Int'l*, 854

25

26   ---
     [2] The Court notes Defendant's objection to the fact that Plaintiff's amended complaint omitted a
     reference to purchasing Crisco EVOO for the purpose of testing it to determine its authenticity.
27   Plaintiff explains that this original allegation was "factually inaccurate" and "inadvertent[]." *See*
     Opp. at 6. While this explanation is rather vague, it is not so obviously false and sham as to
28   require striking the new allegations. *See, e.g.*, *Stearns v. Select Comfort Retail Corp.*, 763 F.
     Supp. 2d 1128, 1144 (N.D. Cal. 2010).

7

1    F.3d 1088, 1094–96 (9th Cir. 2017). But Plaintiff's claim is not that Defendant has failed to

2    substantiate that Crisco EVOO is 100% extra virgin olive oil—rather, she is claiming that her

3    laboratory tests affirmatively demonstrate that Crisco EVOO is not 100% extra virgin olive oil.

4    Because Plaintiff has not pled a lack of substantiation claim, *Kwan* does not bar her suit.

5    **D.    Plaintiff's Claims Are Not Preempted By Federal Law**

6    Defendant asserts that Plaintiff's attempt to use California consumer protection and

7    common law to regulate extra virgin olive oil standards "directly conflict[s]" with federal

8    regulatory standards for grades of olive oil and is thus preempted by federal law. Mot. at 16.

9    Construing the pleadings in the light most favorable to Plaintiff, as the Court must do at this stage,

10   Plaintiff has not relied upon any standard for extra virgin olive oil in conflict with federal law and

11   thus her claims are not preempted, at least for purposes of this motion to dismiss.

12   **E.    Plaintiff's Claims Are Not Within the USDA's Primary Jurisdiction**

13   Defendant posits that the Court "should decline to adjudicate [Plaintiff's] claims because

14   they fall within the primary jurisdiction of the USDA." Mot. at 16.

15   "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a

16   complaint without prejudice pending the resolution of an issue within the special competence of

17   an administrative agency . . . [and] is to be used only if a claim requires resolution of an issue of

18   first impression, or of a particularly complicated issue that Congress has committed to a regulatory

19   agency, and if protection of the integrity of a regulatory scheme dictates preliminary resort to the

20   agency which administers the scheme." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th

21   Cir. 2008) (internal quotations and citations omitted).

22   According to Defendant, the U.S. Department of Agriculture's Agricultural Marketing

23   Service has already promulgated regulations on what constitutes extra virgin olive oil. *See* Mot. at

24   18. Thus, there is no basis for the Court to decline to adjudicate Plaintiff's claims, because there is

25   no issue of first impression and protecting the integrity of the olive oil regulations does not require

26   resorting to the agency. *Cf. Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 931 (N.D. Cal. 2014)

27   (declining to defer under primary jurisdiction doctrine because FDA had "established a clear

28   regulation" and changes to regulation were "mere speculation").

8

**F.     The Economic Loss Rule Bars Plaintiff's Negligent Misrepresentation Claim**

Defendant contends that the economic loss doctrine bars Plaintiff's negligent misrepresentation cause of action because it is "based solely on alleged economic injury." Mot. at 18.

The "economic loss rule prevents the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (internal quotation and alteration omitted). Therefore, "a negligent misrepresentation claim paralleling a contract claim that prays only for economic damages will be barred by the economic loss rule unless the plaintiff alleges *both* that the defendant made an affirmative misrepresentation, and that the defendant's misrepresentation exposed the plaintiff to independent personal liability." *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 970 (N.D. Cal. 2016) (emphasis added). In other words, "non-economic loss is a required element of a negligence cause of action alleged in a sale of goods case, and thus non-economic loss must be pleaded to survive a motion to dismiss." *Ladore v. Sony Computer Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1075 (N.D. Cal. 2014).

Plaintiff has not alleged any personal injury or other non-economic loss. Rather, Plaintiff points to several cases to suggest that there is an exception to the economic loss rule for "claims for fraud in the inducement." *See* Opp. at 15 (citing *Krzyzanowsky v. Orkin Exterminating Co., Inc.*, C 07–05362 SBA, 2009 WL 481267, at *11–12 (N.D. Cal. Feb. 24, 2009)). However, this Court has previously recognized that courts approach the economic loss rule differently, but that the "clear pattern that emerges" from *Robinson*'s two-pronged test is that there must be both an affirmative misrepresentation and independent personal liability. *See Crystal Springs*, 219 F. Supp. 3d at 970. Accordingly, because Plaintiff has not pled any personal liability, the Court finds the negligent misrepresentation claim barred by the economic loss rule and **GRANTS** the motion to dismiss this cause of action.

**G.     The Court Dismisses Plaintiff's UCL and FAL Claims Because There Exists an Adequate Remedy at Law**

Defendant argues that Plaintiff's UCL and FAL claims must be dismissed because those statutes provide only for equitable relief and an adequate remedy is available at law in that

9

1    Plaintiff may seek money damages for a CLRA violation.  *See* Mot. at 22–23.

2         "[T]he UCL and FAL provide for only equitable relief," but "there is no right to equitable

3    relief or an equitable remedy when there is an adequate remedy at law."  *Duttweiler v. Triumph*

4    *Motorcycles (Am.) Ltd.*, No. 14-CV-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19,

5    2015).  "[C]ourts in this district have barred claims for equitable relief—including claims for

6    violations of California consumer protection statutes—at the motion to dismiss stage where

7    plaintiffs have alleged other claims presenting an adequate remedy at law."  *Munning v. Gap, Inc.*,

8    238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017); *see also Bird v. First Alert, Inc.*, No. 14–cv–3585

9    PJH, 2014 WL 7248734, at *6 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim based on a

10   product's alleged safety defect "because [plaintiff] has an adequate remedy at law in her claim for

11   damages under the CLRA").

12        Because the Court has found that Plaintiff has sufficiently pled claims providing for

13   damages, Plaintiff has an adequate remedy at law and is therefore barred from seeking equitable

14   relief.  *See Falk v. Nissan N. Am., Inc.*, No. 17-CV-04871-HSG, 2018 WL 2234303, at *10 (N.D.

15   Cal. May 16, 2018).  Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's

16   UCL and FAL causes of action.

17        **H.    The Court Need Not Determine Whether Plaintiff's UCL Claims Were
              Adequately Pled**
18
          Defendant contends that each of Plaintiff's UCL theories "lacks merit" and thus must be
19
     dismissed.  *See* Mot. at 19–22.  As the Court dismissed Plaintiff's UCL claims because there was
20
     an adequate remedy at law, the Court need not determine whether the UCL claims were
21
     adequately pled.
22
          **I.    Plaintiff Has Not Pled Any Basis for Punitive Damages**
23
          Defendant contends that Plaintiff's prayer for punitive damages must be dismissed because
24
     she "does not plead support for punitive damages for *any* of her claims."  Mot. at 24–25.  Plaintiff
25
     responds that the "Court can and should infer" that "an adequate factual basis exists."  Opp. at 25.
26
          Because the Court dismissed Plaintiff's UCL, FAL, and negligent misrepresentation
27
     claims, it need only assess whether punitive damages were adequately pled as to the CLRA claim.
28

1  Under the CLRA, punitive damages are limited to circumstances of "oppression, fraud, or malice."

2  Cal. Civ. Code § 3294(a).  But "a company simply cannot commit willful and malicious

3  conduct—only an individual can." *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No.

4  14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014).

5  Plaintiff does not plead any facts to support an award of punitive damages because she

6  does not allege that any individual committed willful and malicious conduct.  *See Xerox Corp. v.*

7  *Far W. Graphics, Inc.*, No. C-03-4059-JFPVT, 2004 WL 2271587, at *2 (N.D. Cal. Oct. 6, 2004)

8  (dismissing claim for punitive damages because plaintiff "requests punitive damages, but fails to

9  allege any conduct by an officer, director or managing agent . . . sufficient to support the

10  imposition of punitive damages").  Accordingly, the Court **GRANTS** the motion to dismiss the

11  prayer for punitive damages.

## IV.     CONCLUSION

13  For the reasons stated above, the Court **DISMISSES** Plaintiff's UCL, FAL, and negligent

14  misrepresentation causes of action, as well as the prayer for punitive damages.  The Court finds

15  that amendment would be futile as to the UCL and FAL claims because no factual allegations

16  could negate the adequate remedy at law, and thus the Court **DENIES** the request for leave to

17  amend as to these claims.  However, the Court cannot say that amendment would be futile as to

18  the negligent misrepresentation cause of action or request for punitive damages; therefore, the

19  Court **GRANTS** leave to amend on these issues.  Should Plaintiff wish to amend her complaint to

20  plead additional facts to support these theories, she must do so by May 22, 2019.

21  In addition, the Court **SETS** a case management conference for May 28, 2019 at 2:00

22  p.m. in Oakland, Courtroom 2, 4th Floor to discuss a plan and schedule for a prompt resolution for

23  this case.  The parties shall file a joint case management statement by May 22, 2019.

24  **IT IS SO ORDERED.**

25  Dated:   5/8/2019

26  
27  HAYWOOD S. GILLIAM, JR.
    United States District Judge

28