1  Ronald Y. Rothstein (*pro hac vice*)
   RRothste@winston.com
2  **WINSTON & STRAWN LLP**
   35 West Wacker Drive
3  Chicago, IL 60601-9703
   Telephone: (312) 558-5600
4  Facsimile: (312) 558-5700

5  Megan L. Whipp (SBN: 319182)
   MWhipp@winston.com
6  **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
7  Los Angeles, CA 90071-1543
   Telephone:    (213) 615-1700
8  Facsimile:    (213) 615-1750

9  Attorneys for Defendant
   THE J.M. SMUCKER COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHELLY ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE J.M. SMUCKER COMPANY, an Ohio corporation; and DOES 1 through 10, inclusive<br><br>Defendants. | **Case No. 4:18-cv-04654-HSG**<br><br>**CLASS ACTION**<br><br>**STIPULATION RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND FORMAT FOR DOCUMENT PRODUCTION; [PROPOSED] ORDER**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2<br><br>Complaint filed: August 2, 2018<br>First Amended Complaint filed: October 24, 2018 |

# STIPULATED FORMAT FOR DOCUMENT PRODUCTIONS

## PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## PRODUCTION FORMATS

1. The parties agree that to the extent that the producing party elects to produce hard copy documents in electronic format, such documents will be produced in the following format:

    a. Single page Group 4 Tagged Image File Format (.TIF or .TIFF) files at 300 x 300 dpi resolution and 8.5 x 11-inch page size (size for size), unless a document requires a higher resolution in order to be appropriately viewed.

    b. A unique Bates number shall be assigned to each page, and branded in the lower right-hand corner of the page, but shall not obscure any part of the underlying image. Each image should have a unique file name, which will be the Bates number of the individual page.

    c. Any confidentiality or other endorsements shall be branded on the lower left-hand corner of the page. The parties shall use reasonable measures to ensure that any such branding does not obscure any part of the underlying image.

    d. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should be merged into multiple records (*i.e.*, paper documents should be logically unitized). The parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

    e. The parties agree that any file folders/binders/dividers and/or documents affixed to hard copy documents will be scanned as separate documents.

    f. The appropriate load/unitization files in accordance with attached Exhibit A and consistent with the specifications for such files set forth in Section 5, below

    g. The parties agree that the producing party also produce searchable optical character recognition ("OCR") text of scanned paper documents consistent with the specifications for Searchable Text set forth in Section 4, below.

2. Production of ESI in Native File Format

The parties agree that certain documents will be produced in native format, including:

- Spreadsheet formatted document (e.g., Microsoft Excel Files)
- Presentation formatted documents (e.g., Microsoft PowerPoint Files
- Photographic or graphics images, video or audio files (non-trivial) (e.g., .jpg, .jpeg, .raw, .png, .dwg, .mp3, .mpeg, .avi, .dvi Files) x Transferable databases (e.g., Microsoft Access Files) x Project tracking documents (e.g., Microsoft Project)

Any documents produced in native format should be produced in accordance with the following specifications:

- A unique document number and confidentiality designation shall be used as the file name, and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be "XXXXXX0000001_HighlyConfidential.doc."

- For each produced native file, the producing party will provide a static image slipsheet indicating that the document was produced in native format and providing the unique Bates number for the corresponding native file.

- For each document produced in native format, the producing party will provide all metadata contained in the field identified in Exhibit B, to the extent that such metadata already exists—*i.e.*, there is no obligation to create any metadata.

3. Production of ESI as Static Images

Except for those documents produced in native format pursuant to Section 2, above, the parties agree that ESI will be produced in TIFF format according to the following specifications:

a. Single page Group 4 Tagged Image File Format (.TIF or .TIFF) files at 300 x 300 dpi resolution and 8.5 x 11-inch page size (size for size).

b. The appropriate load/unitization files in accordance with attached Exhibit B and consistent with the specifications for such files set forth in Section 5.

c. A unique Bates number shall be assigned to each page, and branded in the lower right-hand corner of the page, but shall not obscure any part of the underlying image. Each image should have a unique file name, which will be the Bates number of the individual page.

d. Any confidentiality or other endorsements shall be branded on the lower left-hand corner of the page. The parties shall use reasonable measures to ensure that any such branding does not obscure any part of the underlying image.

2

e. The parties agree to meet and confer regarding file types that are not amenable to conversion into TIFF images and which may not be easily produced in native file format. If necessary, any such relevant and responsive, but non-convertible files, may be temporarily produced in the form of a placeholder TIFF image.

4. Production of Searchable Text

The parties agree that for all ESI produced as TIFF images, where possible, the producing party will provide a searchable, document-level .TXT file which shall be created directly from the native file. For ESI from which text cannot be extracted, or from paper documents, the parties agree that they will produce document-level OCR text for each such document.

Each such file will have a filename matching the Bates number applied to the first page of the corresponding static image file or placeholder file, followed by the .TXT extension.

The parties agree to meet and confer with respect to any documents or other files containing non-English language text. To the extent practicable, the parties will consider producing searchable text in standard encoded 8-bit Unicode Transformation Format (UTF-8).

5. Production of Load/Unitization Files

The parties agree that the producing party will provide the following load files for all productions:

a. **Metadata Import File**: DAT format, in ASCII format, using Concordance default delimiters to separate the fields and records.

b. **Image Cross-Reference File**: Standard Opticon delimited file in .OPT format, containing the corresponding image information and indicating page breaks.

Only one Metadata Import File and (if appropriate) one Image Cross-Reference File should be included with each production.

The Metadata Import File should contain the metadata fields detailed and described in Exhibit A and/or Exhibit B, as appropriate. To the extent possible, the parties agree to populate the CUSTODIAN field for all produced ESI and paper documents.

6. Processing Specifications

When processing ESI, the parties agree to use GMT -5 as the time zone.

When processing ESI for production as a static image, the parties agree that "Auto Date" be forced off, and "hidden columns or rows", "hidden worksheets", "speaker notes", "track changes", and "comments" be forced on.

3

7. <u>Redactions</u>

In the event an ESI file needs to be redacted to remove certain information, that ESI file may be converted to a static image consistent with the specifications in Section 3, above; provided however, the parties agree to meet and confer concerning the redaction of spreadsheets and any other native ESI that would be not be reasonably usable if produced as static images. Clearly visible redactions should be applied to the static image. Extracted text will not be provided for documents that have been redacted. Instead, the parties agree that the producing party will provide a document-level OCR text file that does not contain the redacted information.

8. <u>Deduplication</u>

The parties agree that de-duplication of documents may be performed globally across the entire ESI collection. A list of all custodians who were in possession of the document, including those whose copy of the document was removed during deduplication, should be placed in the CUSTODIAN_DUPLICATE (or "DUPLICATE_CUSTODIAN") field, with each entry separated by a semi-colon (;) character, as set forth in Exhibit B. The parties agree that deduplication may be performed on a family level.

The parties agree that removal of wholly included, prior-in time or lesser-included versions of e-mail threads will reduce each Parties' costs of document review, production, and litigation support hosting. For the avoidance of doubt, only email messages for which the parent document and all attachments are contained in the more inclusive email message will be considered less inclusive email messages that need not be produced; if the later message contains different text (such as where the later message adds in-line comments to the body of the earlier message), or does not include an attachment that was part of the earlier message, the earlier message must be produced. To the extent that an e-mail thread contains privileged communications, such communications can be redacted. If an e-mail thread contains responsive, non-privileged communications, the entire e-mail thread cannot be withheld as privileged.

**IT IS SO STIPULATED AND AGREED.**

Dated: June 27, 2019          WINSTON & STRAWN LLP

By:   <u>*/s/ Ronald Y. Rothstein*</u>
Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Attorneys for Defendant
THE J.M. SMUCKER COMPANY

Dated: June 27, 2019

PACIFIC TRIAL ATTORNEYS, P.C.

By: */s/ Scott J. Ferrell*
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
**PACIFIC TRIAL ATTORNEYS, P.C.**
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469
Attorneys for Plaintiff
SHELLY ROBINSON

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 6/28/2019

United States District Judge Haywood S. Gilliam Jr.